BY: John L. Rollins, Esquire
1408 Burke Road
West Chester, PA 19380
(215) 512-4219
Identification No. 65636

ATTORNEY FOR PLAINTIFF

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH PATRICK LAWSON<br>752 E. Diamond Street<br>Coatesville, PA 19320<br>Plaintiff** | : | **CIVIL ACTION<br>No. 12-** |
| **vs.** | : | **JURY TRIAL DEMANDED** |
| **CITY OF COATESVILLE, a Municipal Government Entity<br>One City Hall Place<br>Coatesville, Pennsylvania 19320<br>and** | : | |
| **FORMER POLICE CHIEF JULIUS CANALE, individually and his official capacity,<br>c/o The Police Department,<br>City of Coatesville,<br>One City Hall Place,<br>Coatesville, Pennsylvania 19320<br>and** | : | |
| **POLICE OFFICER BRENDEN BOYLE, individually and his official capacity,<br>c/o The Police Department,<br>City of Coatesville,<br>One City Hall Place,<br>Coatesville, Pennsylvania 19320<br>and** | : | |
| **POLICE CORPORAL JEFFREY INGEMIE individually and his official capacity,<br>c/o The Police Department,<br>City of Coatesville,<br>One City Hall Place,** | : | |

**Coatesville, Pennsylvania 19320 :**
**and :**
**:**
**JOHN/ JANE DOE POLICE OFFICERS/OFFICIALS :**
**#1 – 30 of the City of Coatesville Police Department, :**
**individually and their official capacities, :**
**Defendants :**

## COMPLAINT - CIVIL ACTION

## I. INTRODUCTION

1. This is a civil rights action brought under 42 U.S.C. § 1983 and raising supplemental state-law claims concerning the actions of defendant Coatesville Police Officer Brenden Boyle, defendant Coatesville Police Corporal Jeffrey Ingemie , and defendants John/Jane Doe Police Officers/Officials # 1 -30 who unlawfully detained, seized, searched, arrested, and prosecuted Plaintiff Joseph Patrick Lawson without any reasonable suspicion, probable cause or legimate basis and caused him to be unlawfully incarcerated at the Chester County Prison from on or about October 29, 2010 through December 22, 2010 in violation of the rights secured to the Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States. This action is also brought against defendant former Coatesville Police Chief Julius Canale who at all times material/relevant to this Complaint was responsible for the conduct of the police officers employed by the City of and Coatesville and who at all times material/relevant to this Complaint was grossly negligent, deliberately indifferent in training, supervising, implementing proper/meaningful procedures to insure lawful official police conduct and taking corrective action with respect to police personnel including defendant Police Officer Brenden Boyle, defendant Police Corporal Jeffrey Ingemie, and defendants John/Jane Doe Police Officers/Officials # 1 -30 regarding the proper exercise of their police powers in a manner consistent with the Fourth and Fourteenth Amendments to the

Constitution of the United States. The actions/inactions and conduct of the defendant former police chief and defendant police officers/officials are the result of a policy/policies, practice/practices, custom/customs, and deliberate indifference on the part of defendant City of Coatesville, PA.

## II. JURISDICTION AND VENUE

2. This Court's jurisdiction is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, 1343 (a)(3) and (a)(3) and (4), 2201 and 2202, 2283, and 2284, and Rule 65 of the Federal Rules of Civil Procedure. The asserted rights and interests of the Plaintiff exceed $175,000.00 exclusive of interest and costs. The substantive claims in this action arise under 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution. Plaintiff's state claims are before this Court pursuant to its supplemental jurisdiction as codified at 28 U.S.C. § 1367. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) and all actions complained of herein have taken place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and involve Defendants or Defendants have employees who reside within its jurisdictional limits.

## III. PARTIES

3. Plaintiff Joseph Patrick Lawson ("Plaintiff"), is an adult citizen and resident of the Commonwealth of Pennsylvania residing as captioned.

4. Defendant, City of Coatesville, is a municipal governmental entity of the Commonwealth of Pennsylvania maintaining offices at One City Hall Place, Coatesville, Pennsylvania 19320. Defendant City of Coatesville owns, operates, manages, supervises, directs, and controls the City of Coatesville Police Department, which at all times

material/relevant to this Complaint employed defendants Canale, Boyle, Ingemie, and Defendants John/Jane Doe. Defendant City of Coatesville sets and implements the local policies that govern the City of Coatesville Police Department.

5. Defendant Former Coatesville Police Chief Julius Canale ("Canale") was at all times material/relevant to this Complaint, an agent, police chief, officer, and employee of the City of Coatesville Police Department, and acting under color of state law, with an office located at One City Hall Place, Coatesville, Pennsylvania 19320. Defendant Canale was at all times material/relevant to this Complaint responsible for training, supervising, directing and controlling the actions and conduct of the police officers named in this Action. Defendant Canale is being sued in both his individual and official capacity.

6. Defendant Coatesville Police Officer Brenden Boyle ("Boyle"), the affiant of the criminal complaint/probable cause affidavit with respect to Plaintiff's false and unlawful arrest of October 29, 2010, was at all times material/relevant to this Complaint, an agent, police officer, officer, and employee of the City of Coatesville Police Department, and acting under color of state law, with an office located at One City Hall Place, Coatesville, Pennsylvania 19320. Defendant Boyle is being sued in both his individual and official capacity.

7. Defendant Coatesville Police Corporal Jeffrey Ingemie ("Ingemie") was at all times material/relevant to this Complaint, an agent, police officer, police corporal, officer, and employee of the City of Coatesville Police Department, and acting under color of state law, with an office located at One City Hall Place, Coatesville,

Pennsylvania 19320. Defendant Ingemie is being sued in both his individual and official capacity.

8. Defendants John/Jane Doe Coatesville Police Officers/Officials # 1 -30 ("John/Jane Doe") whose identity and number are presently unknown to the Plaintiff were at all times material/relevant to this Complaint, agents, police officers, police officials, officers, and employees of the City of Coatesville Police Department, and acting under color of state law, with an office located at One City Hall Place, Coatesville, Pennsylvania 19320. Upon learning the names of Defendants John/Jane Doe, Plaintiff will make the appropriate substitutions to add them to the Complaint. Defendants John/Jane Doe are being sued in both their individual and official capacities.

9. All defendants, at all times material/relevant to this Complaint, were acting under the color of state law.

## IV. FACTUAL ALLEGATIONS

10. On or about October 29, 2010, at approximately 10:22 p.m., Plaintiff Joseph Patrick Lawson, a honorably discharged, disabled Vietnam War Era veteran of the United States Armed Services, was falsely and unlawfully arrested without reasonable suspicion and/or probable cause as a co-conspirator in the City of Coatesville by Defendant Boyle, Defendant Ingemie, and other City of Coatesville Police Officers (Defendants John/Jane Doe) on the criminal charges of Robbery (18 Pa. C.S. 3701(A) (1)), Theft by Unlawful Taking of Moveable Property (18 Pa. C.S. 3921(A)), Receiving Stolen Property (18 Pa. C.S. 3925(A)),Terroristic Threats (18 Pa. C.S. 2706 (A) (1)), and Four Counts of Conspiracy (18 Pa. C.S. 903(A) (1)).

11. On or about the above-said date and time, Mr. Jeffrey Middleton, Jr., the victim, of said robbery contacted the City of Coatesville Police Department stating that he had been robbed by "three black men" [sic] while standing in front of the Midway Restaurant at or about 652 E. Lincoln Highway, Coatesville, PA while awaiting a ride.

12. When the Police arrived at the aforesaid location, Mr. Middleton stated to the police that he believed he had been robbed at gunpoint (turned over $70.00 and prescription pills to the robbers). At that time, Mr. Middleton also informed the police that the robbers were still in the area. Mr. Middleton then while in a police officer's/officers' vehicle pointed out and identified the robbers to the police.

13. On or about October 29, 2010, while standing nearby the said Midway Restaurant, Plaintiff Joseph Patrick Lawson was falsely and unlawfully arrested without reasonable suspicion and/or probable cause for the aforesaid robbery and other criminal charges and incarcerated at Chester County Prison from on or about October 30, 2010 until on or about December 22, 2010.

14. On December 22, 2010, Plaintiff appeared at a Preliminary Hearing before the Honorable Gregory V. Hines of Magisterial District Court 15-1-03 in Coatesville, PA on the charges of robbery, theft by unlawful taking of moveable property, receiving stolen property, terroristic threats, and four counts of conspiracy.

15. During the Preliminary Hearing, Mr. Middleton testified under oath, inter alia, that he identified the robbers to the Coatesville Police and that "… and they picked up Mr. Lawson, not the person that they should have picked up" and "…No, Mr. Lawson was not one of the individuals." Plaintiff's appointed attorney who represented Plaintiff at this hearing, asked Mr. Middleton would he agree with him that Plaintiff was not one

of the individuals who robbed him and Mr. Middleton testified "Yes, absolutely 100 percent." Further, with respect to the identification of one of the robbers, Mr. Middleton testified that, "That's correct. If I saw his face, I would be able to identify him. And I thought I did identify him when I was in the police car. There was a younger man, and I thought I identified him. And they never showed me a person while I was at the police station, they said they had who it was. And the reason I know Mr. Lawson wasn't the one who did it was because the person who did it did not have gray hair, for one thing, and the person was wearing a white and black jacket with white stripes on it…" Mr. Middleton also testified that "They [Police] came to the gas station and asked me what happened. I explained what happened, and they went, put me in the car, and went over to where the individuals were and I identified two people that I saw fleeing me when the incident happened,"… "They - - I recognized Maxwell, so I was able to say Maxwell. And the other person I identified by pointing him out." Further, the Court asked Mr. Middleton whether both of the robbers hung around after the robbery and Mr. Middleton testified "Yeah, they both hung around, yes. And I thought I identified the person that did it, because I saw him, you know what I mean? And I don't know how Mr. Lawson got involved, but apparently he did."

16. On December 22, 2010, at the close of the Preliminary Hearing, Plaintiff's attorney stated that "The obvious argument, Judge, the witness did not identify my client. In fact, he exonerated my Client. I would ask that all charges be dismissed, Judge." Further, the attorney for the Commonwealth stated that "Given his thorough exoneration, Commonwealth makes no argument." The Court then dismissed all charges lodged against Plaintiff Joseph Patrick Lawson.

17. As a direct and proximate result of the above-said false and unlawful arrest and false and unlawful incarceration/imprisonment, and malicious prosecution, from on or about December 30, 2010 through on or about January 10, 2011, Plaintiff Joseph Patrick Lawson was hospitalized at the Coatesville VA Medical Center, 1400 Blackhorse Hill Road, Coatesville, PA for, *inter alia*, "Major Depressive Disorder, Recurrent" and Suicidal Feelings/Thoughts.

18. At all times material/relevant to this Complaint, Plaintiff did not commit any offense in violation of the laws of the City of Coatesville, the Commonwealth of Pennsylvania, or the United States.

19. At all times material/relevant to this Complaint, none of the Defendants had probable cause or reasonable suspicion that Plaintiff had engaged in any illegal activities and none of the Defendants offered any testimony whatsoever at Plaintiff's aforesaid Preliminary Hearing. There was absolutely no basis whatsoever to make a criminal report, to initiate an arrest, to seize, to detain, to search, to incarcerate Plaintiff, to file criminal charges against him and to prosecute those charges.

20. At all times material/relevant to this Complaint, Plaintiff Joseph Patrick Lawson did not violate any laws or engage in any criminal behavior or engage in any conduct which would justify the defendants' conduct. At all times material/relevant to this Complaint, all of the Defendants knew or should have known that Plaintiff was not involved whatsoever in the aforesaid robbery/incident.

21. At all times material/relevant to this Complaint, Defendant Canale knew or should have known of the aforesaid conduct, actions, and inactions of all of Defendant Police Officers named and unnamed in this Complaint and stopped them from arresting, incarcerating, and prosecuting Plaintiff Joseph Patrick Lawson.

22. At all times material/relevant to this Complaint, there was no legal cause to justify the detention, seizure, search, arrest, prosecution, and incarceration of Plaintiff.

23. At no time material/relevant herein did defendants reasonably believe that their conduct toward Plaintiff Joseph Patrick Lawson was lawful, privileged, or otherwise permissible under the laws or Constitutions of the United States and the Commonwealth of Pennsylvania, or that the laws regarding the rights of citizens such as Plaintiff was in any way unsettled and not clearly established.

24. At all times relevant to this Complaint, the conduct, actions and/or inactions of all defendants were intentional, willful, reckless, malicious, deliberately indifferent, and grossly negligent with respect to Plaintiff Joseph Patrick Lawson's rights under federal and state law. The aforesaid conduct, actions and/or inactions of all defendants constitute conduct so egregious as to shock the conscious.

25. At all times relevant to this Complaint, Defendants engaged in the aforesaid conduct for the purpose of violating Plaintiffs' federal and state constitutional rights by, *inter alia*, subjecting him to unlawful detention, unlawful arrest, unlawful seizure, unlawful search, false imprisonment, and malicious prosecution.

26. At all times relevant to this Complaint, Defendant Former Police Chief Julius Canale knew or should have known of the constitutional deprivations committed by the other defendant law enforcement officers through the administration of the general policies and practices within the City of Coatesville Police Department. Furthermore, the aforesaid defendant neglected and refused to enforce existing law or systematically mal-administered the law.

27. At all times relevant to this Complaint, Defendant Canale, acting by and through the other defendant law enforcement officers acted in violation of the law for failing

to reprimand and/or discharge or otherwise discipline police officers found to have engaged in this activity, failing to warn police officers of this type of conduct, failing to formally promulgate and disseminate and train police officers with appropriate and reasonable guidelines for the use of offensive conduct by City of Coatesville police officers and is directly liable and responsible for the acts of said defendants.

28. It is believed and therefore averred that Defendant Canale, as the Chief of Police of the City of Coatesville Police Department, had knowledge of the misconduct as described in this Complaint (or past instances of similar misconduct) of the police officers and acquiesced in the misconduct and / or sent a message of approval of the misconduct thereby permitting it to continue.

29. As a direct and proximate result of the aforesaid, Defendant Canale is liable for the acts of the other defendant law enforcement officers because as a matter of policy he has, with deliberate indifference, tolerated and permitted the pattern of deprivation of constitutional rights by his police officers, failed to maintain a proper system for review, and failed to properly sanction or discipline police officers, including the defendants in this case, for violations of the constitutional rights of citizens, with the result that police officers of the City of Coatesville were encouraged to believe that they could violate the federal and state Constitutional rights of persons such as the Plaintiff without serious disciplinary consequences.

30. At all times relevant to this Complaint, Defendant City of Coatesville with deliberate indifference with respect to Plaintiff's constitutional rights secured to him and other citizens under the Fourth and Fourteenth Amendments of the Constitution of the United States and Article I § 8 of the Constitution of the Commonwealth of Pennsylvania, failed to develop and implement policies, practices, and procedures to ensure that said

constitutional rights would be protected and safe from the aforesaid conduct of all named and unnamed individual Defendants; Defendant City of Coatesville also has failed to properly train, supervise and discipline police officers, including the individual defendants, regarding constitutional restraints on the police power to detain, arrest, search, incarcerate, and prosecute individual citizens, and this practice and policy caused the Constitutional violations in this action.

31. The violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, Plaintiff's damages, and the conduct of the individual Defendants were directly and proximately caused by the actions and/or inactions of defendant City of Coatesville, which has encouraged, tolerated, ratified and has been deliberately indifferent to the following policies, patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

a. Legal cause to stop, detain, and arrest a citizen;
b. Establishing and maintaining a policy to appoint, train, and supervise police officers employed by the City of Coatesville who would enforce and obey the laws of the Commonwealth of Pennsylvania and protect individual rights guaranteed by the United States Constitution and the Constitution of the Commonwealth of Pennsylvania;
c. The proper exercise of police powers, including but not limited to: the unreasonable use of force; unlawful arrests; malicious prosecutions; discriminatory arrests; unlawful detentions and prosecutions; and violations of citizens' constitutional rights, particularly their liberty

rights to be secure in their person and to be free from unlawful searches and seizures/arrests;

d. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

e. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

f. Police officers' use of their status as police officers to employ the use of force or to achieve ends not reasonably related to their police duties;

g. The failure of police officers to follow established policies, procedures, directives and instructions regarding the power to seize and arrest citizens under such circumstances as presented by this case; and failing to require the Police Department of the City of Coatesville promulgate, institute, and implement policies and procedures consistent with the requirements of Pennsylvania law and individuals rights guaranteed by the United States Constitution; and the failure to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other City of Coatesville police officers.

32. As a direct and proximate result of the conduct of defendants, Plaintiff Joseph Patrick Lawson was incarcerated at the Chester County Prison, West Chester, PA, for approximately Fifty-four (54 days).

33. As a direct and proximate result of the conduct of defendants, Plaintiff Joseph Patrick Lawson was hospitalized at Coatesville VA Medical Center, 1400 Blackhorse Hill Road, Coatesville, PA, from on or about December 30, 2010 through on or about January 10, 2011, for, *inter alia*, "Major Depressive Disorder, Recurrent" and Suicidal Feelings/Thoughts.

34. As a direct and proximate result of the defendants' unwarranted, illegal and unconstitutional actions, Plaintiff Joseph Patrick Lawson suffered physical pain, fear, horror, severe depression, suicidal thoughts, restlessness, humiliation, nervousness, and chagrin, embarrassment, humiliation, as well as severe mental and emotional distress, and a loss of natural enjoyment of life and life's pleasures, some or all of the foregoing may be permanent.

35. The damages suffered by Plaintiff Joseph Patrick Lawson were the direct and proximate result of the conduct of all defendants, jointly, severally, directly or vicariously.

36. The above cited damages of Plaintiff Joseph Patrick Lawson were directly and proximately caused by Defendants' acts and omissions. As a result of sustaining said damages, Plaintiff has and will in the future likely continue to suffer from pain, medical costs and related expenses for which he is entitled to compensation for.

## V. CLAIMS FOR RELIEF

### COUNT I - 42 U.S.C. § 1983

### Plaintiff Joseph Patrick Lawson v. Defendant Canale, Defendant Boyle, Defendant Ingemie, and Defendants John/Jane Doe

37. Paragraphs 1 through 36 are incorporated herein by reference, as though each were fully set forth herein at length.

38. As a direct and proximate result of the actions and omissions of Defendants, Plaintiff was deprived of rights, privileges, and immunities secured unto him by the laws and Constitution of the United States.

39. Defendants, together and/or with others, conspired to violate and/or did violate the constitutional rights of Plaintiff.

40. The Defendants' actions and/or inactions deprived Plaintiff of the equal protection of the laws and their rights, privileges and immunities under the laws and the Constitution of the United States, in particular, the Fourth, Fifth, Eighth and Fourteenth Amendments thereof and in violation of 42 U.S.C. § 1983; his right to be secure in his person and property, his right to be free from the unlawful detention, to be free from unlawful searches and seizures, to be free from unlawful arrest, to be free from unlawful imprisonment, to be free from violations of due process of law, all to Plaintiff's great detriment and loss.

41. By these actions, Defendants deprived Plaintiff of the rights secured unto his by the Constitution of the United States, in particular, the Fourth, Fifth, Eighth and Fourteenth Amendments thereof and in violation of 42 U.S.C. § 1983.

42. At all times relevant to this Complaint, the aforesaid conduct of all Defendants was committed alone, together, in conspiracy with one another, and under the color of state law and their actions violated the Plaintiff's constitutional and statutory rights.

43. The above-described actions of the defendants were so malicious, intentional, and reckless and displayed such a reckless and deliberate indifference to the Plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**COUNT II- 42 U.S.C. § 1983**
**POLICY, CUSTOM, PATTERN AND PRACTICE**
**Plaintiff Joseph Patrick Lawson V. Defendant City of Coatesville and**

**Defendant Canale**

44. Paragraphs 1 through 43 are incorporated herein by reference, as though each were set forth herein at length.

45. As a direct and proximate result of all Defendants' conduct, committed under color of state law, Plaintiff was deprived of his right to be free from unlawful search and seizure, unlawful arrest, malicious prosecution, unlawful imprisonment, and to be secure in his person. As a result, Plaintiff suffers and continues to suffer harm in violation of his rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. § 1983.

46. The violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, Plaintiff's damages, and the conduct of the individual Defendants were directly and proximately caused by the actions and/or inactions of Defendant City of Coatesville, which has encouraged, tolerated, ratified and has been deliberately indifferent to the following policies, patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

a. Legal cause to stop, detain, and arrest a citizen;

b. Establishing and maintaining a policy to appoint, train, and supervise police officers employed by the City of Coatesville who would enforce and obey the laws of the Commonwealth of Pennsylvania and protect individual rights guaranteed by the United States Constitution and the Constitution of the Commonwealth of Pennsylvania;

c. The proper exercise of police powers, including but not limited to: the unreasonable use of force; unlawful arrests; malicious prosecutions; discriminatory arrests; unlawful detentions and prosecutions; and violations of citizens' constitutional rights, particularly their liberty rights to be secure in their person and to be free from unlawful searches and seizures/arrests;

d. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

e. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

f. Police officers' use of their status as police officers to employ the use of force or to achieve ends not reasonably related to their police duties;

g. The failure of police officers to follow established policies, procedures, directives and instructions regarding the power to seize and arrest citizens under such circumstances as presented by this case; and failing to require the Police Department of the City of Coatesville promulgate, institute, and implement policies and procedures consistent with the requirements of Pennsylvania law and individuals rights guaranteed by the United States Constitution; and the failure to properly sanction or discipline officers who are aware of and conceal

and/or aid and abet violations of constitutional rights of citizens by other City of Coatesville police officers.

**Count III**
**State Law Claims**
**Plaintiff Joseph Patrick Lawson v. Defendant Canale, Defendant Boyle, Defendant Ingemie, and Defendants John/Jane Doe**
**False Arrest and False Imprisonment**

47. Paragraphs 1 through 46 are incorporated herein by reference, as though each were set forth herein at length.

48. Defendant Boyle, Defendant Ingemie, and Defendants John/Jane Doe, acting as agents and on behalf of defendant, Defendant Canale, within the scope of their employment and under color of state law, arrested Plaintiff Joseph Patrick Lawson without probable cause, caused criminal proceedings to be commenced and continued against plaintiff with malice and without probable cause, as a result thereof Plaintiff was falsely imprisoned.

49. Defendant Boyle, Defendant Ingemie, and Defendants John/Jane Doe, acting as agents and on behalf of Defendant Canale, within the scope of their employment and under color of state law, caused criminal proceedings to be commenced and continued against Plaintiff to accomplish a purpose for which criminal process was not designed.

50. As a direct and proximate result of the actions and omissions of the all Defendants, Plaintiff Joseph Patrick Lawson was falsely arrested and falsely imprisoned.

51. The actions and omissions of the aforesaid Defendants, were done purposefully with the intent of committing false arrest and false imprisonment and/or were done in reckless disregard of the probability of causing Plaintiff to be

falsely arrested and falsely imprisoned and these actions did in fact result in false arrest and false imprisonment, all to Plaintiff's great detriment and loss.

**WHEREFORE**, Plaintiff Joseph Patrick Lawson demands judgment against the Defendant Canale, Defendant Boyle, Defendant Ingemie, and Defendants John/Jane Doe jointly and severally, in an amount in excess of one hundred and seventy-five thousand ($175,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

**COUNT IV**
**State Law Claims**
**Plaintiff Joseph Patrick Lawson v. Defendant Canale, Defendant Boyle, Defendant Ingemie, and Defendants John/Jane Doe**
**Malicious Prosecution and**
**Malicious Abuse of Process of Law**

52. Paragraphs 1 through 51 are incorporated herein by reference, as though each were set forth herein at length.

53. Defendant Boyle, Defendant Ingemie, and Defendants John/Jane Doe acting as agents and on behalf of Defendant Canale, within the scope of their employment and under color of state law within the scope of their employment and under color of state law, wrongfully, unlawfully and maliciously prosecuted Plaintiff by issuing a complaint which charged him with false and fictitious crimes as stated above.

54. The actions of the aforesaid Defendants, as alleged in the preceding paragraphs, were done purposefully with the intent of committing malicious prosecution and malicious abuse of process of law, or were done in reckless disregard of the probability of causing malicious prosecution and malicious abuse of process of law, and these actions did in fact result in malicious prosecution and malicious abuse of process of law, all to plaintiff's great detriment and loss.

**WHEREFORE**, Plaintiff Joseph Patrick Lawson demands judgment against Defendant Canale, Defendant Boyle, Defendant Ingemie, and Defendants John/Jane Doe, jointly and severally, in an amount in excess of one hundred and seventy-five thousand ($175,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

**COUNT V**
**State Law Claims**
**Plaintiff Joseph Patrick Lawson v. Defendant Canale, Defendant Boyle, Defendant Ingemie, and Defendants John/Jane Doe**
**Negligent Infliction Of Emotional Distress**

55. Paragraphs 1 through 54 are incorporated herein by reference, as though each were set forth herein at length.

56. As a direct and proximate result of the negligence of Defendants, Plaintiff has suffered substantial mental pain and suffering and severe emotional distress and injury.

**WHEREFORE**, Plaintiff Joseph Patrick Lawson demands judgment against Defendant Canale, Defendant Boyle, Defendant Ingemie, and Defendants John/Jane Doe, jointly and severally, in an amount in excess of one hundred and seventy-five thousand ($175,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

**COUNT VI**
**State Law Claims**
**Plaintiff Joseph Patrick Lawson v. Defendant Canale, Defendant Boyle, Defendant Ingemie, and Defendants John/Jane Doe**
**Intentional Infliction Of Emotional Distress**

57. Paragraphs 1 through 56 are incorporated herein by reference, as though each were set forth herein at length.

58. As a direct and proximate result of the reckless and intentional conduct of defendants as described above, Plaintiff has suffered substantial mental pain and suffering and severe emotional distress and injury.

Wherefore, Plaintiff Joseph Patrick Lawson respectfully requests:

1. Compensatory damages;
2. Punitive damages against all Defendants except Defendant City of Coatesville;
3. Reasonable attorney fees and costs;
4. Such other and further relief as may appear just and appropriate.
5. Plaintiff hereby demands a jury trial as to each count and each defendant.

Respectfully Submitted,

John L. Rollins

John L. Rollins, Esquire
ID# 65636
1408 Burke Road
West Chester, PA 19380
(215) 512-4219

**Counsel for Plaintiff, Joseph Patrick Lawson**